IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-350-REB-CBS

JDB MEDICAL, INC., a California corporation; and
JAMES D. BEETON, an individual,

Plaintiffs,

v.

THE SORIN GROUP, S.p.A., an Italian entity of unknown form; and
ELA MEDICAL, INC., a Delaware corporation,

Defendants.

Civil Action No. 07-cv-00591-REB-CBS

FLINT MEDICAL, INC., a California corporation, and
KEITH FLINT, an individual,

Plaintiffs,

v.

ELA MEDICAL, INC., a Delaware corporation,
THE SORIN GROUP, S.p.A., an Italian entity of unknown form, and
DOES 1 THROUGH 10, inclusive,

Defendants.

## STIPULATED PROTECTIVE ORDER

Upon the stipulation of all parties in these consolidated cases for entry of a

Protective Order and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the

Court enters the following order:

1.      <u>Scope of Order</u>.  This protective order ("Protective Order") shall govern the

use of all documents, materials, testimony, and information produced during discovery

1

in connection with the above-captioned action (the "Action"), whether furnished by a party or by a non-party, which have been designated, in good faith, by a party or by a non-party in accordance with this Protective Order as comprising or containing its or another's confidential or trade secret information.  Such documents, materials, testimony, and information may include, without limitation, pleadings, deposition testimony, answers to interrogatories, documents and things produced, information obtained from inspection of premises, and exhibits for trial.

2.      Definitions.  The following definitions shall apply to this Protective Order:

(a)      "AUTHORIZED PERSON" means a person described in paragraph 6 of this Protective Order who is authorized to receive documents, materials, testimony, and information designated as CONFIDENTIAL INFORMATION.

(b)      "CONFIDENTIAL INFORMATION" means the documents, materials, testimony, and information described in subparagraph 3 of this Protective Order and designated in accordance with the terms and conditions of this Protective Order.

3.      Confidential Information.  A party or non-party may designate as CONFIDENTIAL INFORMATION documents, materials, testimony, and information produced during discovery that the party or non-party in good faith believes contains or constitutes its or another's trade secrets or confidential research, development, financial or commercial information and that it in good faith believes should be disclosed only to those persons authorized to have access to such documents, materials, testimony, and information under subparagraph 6 of this Protective Order.

4.   <u>Manner of Designation</u>.  Any designation made in accordance with this Protective Order also shall apply to all documents that reproduce, paraphrase, summarize or otherwise contain information from the documents, materials, testimony, and information so designated.  Documents, materials, testimony, and information shall be designated as follows:

(a)   <u>Hard Copy and/or Imaged Documents</u>.  The producing party or non-party shall stamp or label

(i)   each page or appropriate portion of the document produced; and

(ii)   the front page of any group of documents produced with the term CONFIDENTIAL.  In lieu of marking original documents, the producing party or non-party may mark only the actual copies that are produced or exchanged.

(b)   <u>Electronic Documents Produced In Native Form</u>.  To avoid altering documents produced in native form, the producing party or non-party shall stamp or label

(i)   the file name that graphically represents each produced document, which file name is viewable when navigating the electronic media containing the produced document;

(ii)   the folder name (if any) that graphically represents each produced document or group of documents, which folder name is viewable when navigating the electronic media containing the produced document; and/or

(iii)     the front of any CD, DVD, or other electronic media containing any group of produced documents with the term CONFIDENTIAL.  In lieu of marking original documents, the producing party or non-party may mark only the actual copies that are produced or exchanged.

(c)     Deposition Testimony.  Deposition testimony taken in the Action shall be treated as CONFIDENTIAL INFORMATION for a period of 20 days after delivery of the transcript of the deposition from the court reporter.  Thereafter, only such deposition testimony as was affirmatively designated on the record at the deposition or subsequently is designated in writing by a party or non-party as containing CONFIDENTIAL INFORMATION shall be treated as such.  The party or non-party subsequently designating deposition testimony as containing CONFIDENTIAL INFORMATION shall provide written notice to all other parties and applicable non-parties and to the court reporter of such designation by listing the page and line numbers of the transcript containing the testimony so designated.  A deposition transcript containing information so designated shall not be filed with the Court unless those parts designated as containing CONFIDENTIAL INFORMATION have first been placed in a sealed envelope bearing the designation hereinafter provided for in paragraph 7.

(d)     Non-written materials.  For materials produced in non-written form, the party or non-party making the designation shall notify all parties and applicable non-parties in writing of the designation being made and describe in detail the specific materials that are being designated.  In the case of non-written

4

media, such as videotapes or computer diskettes, the producing party or non-party shall stamp or label the media produced with the term CONFIDENTIAL.

5.    <u>Restrictions on Use and Disclosure</u>.

(a)    <u>General Restrictions for the Use of All Confidential Information</u>. Except as agreed to in writing by the designating party or non-party, as the case may be, or except as otherwise provided by this Protective Order or order by the Court, any document, material, testimony or information designated as CONFIDENTIAL INFORMATION:

(i)    may be received only by the AUTHORIZED PERSONS qualified under paragraph 6 of this Protective Order to receive it;

(ii)    shall be maintained in confidence by such AUTHORIZED PERSONS;

(iii)    shall be disclosed by such AUTHORIZED PERSONS only to other AUTHORIZED PERSONS entitled to receive it under the terms of this Protective Order and shall not be disclosed or made available by such AUTHORIZED PERSONS to anyone who is not authorized to receive such documents, materials, testimony, or information under the terms of this Protective Order; and

(iv)    shall be used by such AUTHORIZED PERSONS <u>*only*</u> for the purpose of these consolidated Actions <u>*and for no other purpose*</u> <u>*whatsoever*</u>.

(b)    <u>Deposition Transcripts</u>.  No copy of any transcript of any deposition taken by any party which is designated in part or in whole as CONFIDENTIAL

INFORMATION shall be furnished by the court reporter to any person other than to outside counsel for the parties or the deponent or to the Court upon the Court's request.

(c)      Copies.  There shall be no reproduction whatsoever of any documents, materials, testimony, or information designated as CONFIDENTIAL INFORMATION, except as necessary in connection with these consolidated Actions.  Copies, excerpts, or summaries of CONFIDENTIAL INFORMATION may be shown or given only to those authorized to have access to such materials pursuant to this Protective Order, and this Protective Order shall apply to any such copies, excerpts, or summaries.

(d)      Limitations on Restrictions.

(i)      The restrictions and obligations set forth in this Protective Order shall not apply to documents, materials, testimony, or information to which the designating party agrees, or which the Court rules:

(A)      are already in the public domain; or

(B)      become part of the public domain other than as a result of disclosure, directly or indirectly, by a receiving party; or

(C)      have come or shall come into the receiving party's legitimate possession from some source other than a party to these consolidated Actions.

(ii)      Nothing in this Protective Order shall restrict a party or its counsel from using or disclosing documents, materials, testimony, or information which they already possess or may acquire by proper means

in the future independent of the formal discovery process in these consolidated Actions.  This Protective Order shall not prohibit a party's counsel from contacting any person merely because that person's identity is disclosed in documents, materials, testimony, or information that has been designated pursuant to the terms of this Protective Order.  The restrictions and obligations set forth herein shall not be deemed to prohibit discussions with any person of any information if the person already has or obtains legitimate possession thereof.

(iii)    No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to disclose CONFIDENTIAL INFORMATION.  If a question or an answer at a deposition will disclose CONFIDENTIAL INFORMATION, the deposition shall proceed upon the following basis: prior to interposing the question or answering the question, all persons present shall be advised of the terms and conditions of this Protective Order and, at the request of the designating party or non-party, all persons not authorized to receive CONFIDENTIAL INFORMATION under this Protective Order shall leave the room during the time in which the CONFIDENTIAL INFORMATION is disclosed or discussed.

6.    Authorized Persons.  Access to CONFIDENTIAL INFORMATION shall be restricted to:

(a)    the parties;

(b)    inside lawyers for the parties;

(c)     outside lawyers who are members of or employed by a law firm engaged to represent a party in these consolidated Actions, together with employees of such law firms whose responsibilities require access to the documents, materials, testimony, or information so designated and outside vendors (*e.g.*, reproduction services, scanning services, and data management services) retained by such counsel and who are assisting counsel in connection with the Action;

(d)     the Court and any person employed by it working on these consolidated Actions;

(e)     court reporters (including stenographers and video technicians) taking a deposition in which CONFIDENTIAL INFORMATION will be disclosed;

(f)     deponents, who shall have access to the confidential information only during preparation for and participation in the deposition;

(g)     trial witnesses, who shall have access to the confidential information only during preparation for and participation in the trial in these consolidated Actions;

(h)     outside consultants or experts and their staff retained for any purpose of these consolidated Actions; provided, however, that prior to disclosure to any outside expert or consultant or any of their staff, each such person who will receive access to the CONFIDENTIAL INFORMATION executes a Certification in the form attached as Exhibit A hereto;

(i)     any mediator or third party jointly retained for purposes or attempting to settle the parties' dispute; provided, however, that prior to

8

disclosure to any outside expert or consultant or any of their staff, each such

person who will receive access to the CONFIDENTIAL INFORMATION executes

a Certification in the form attached as Exhibit A hereto; and

(j)      persons designated by the Court in the interest of justice, upon

such terms as the Court may deem proper.

7.      <u>Requirements to File Under Seal; Filing with the Court</u>.  If a party wishes

to file with the Court a pleading, motion, memorandum, brief, deposition transcript,

discovery request or response, exhibit, or other document that produces, paraphrases,

summarizes, or otherwise contains any CONFIDENTIAL INFORMATION, the party filing

the materials shall:

(a)      instruct the Clerk of Court in writing of the confidential nature of the

materials and request that the materials not be displayed or revealed except by

order of the Court; and

(b)      present the materials to be filed to the Clerk of the Court in sealed

envelopes prominently marked and labeled with the caption of the case and a

notation substantially similar to the following:

"Contains Confidential Information Filed Under Seal Pursuant to the
Protective Order of [date] to be Opened Only by or as Directed by the
Court."

The Clerk is directed to maintain under seal all pleadings, documents,

transcripts of deposition testimony, affidavits, memoranda of law, and other

papers filed in these consolidated Actions which have been designated by

counsel, in whole or in part, as CONFIDENTIAL INFORMATION.

8.      Masked Documents.  Copies of documents may be provided in masked form if the masking serves to redact: (a) information protected by the attorney-client privilege; (b) information protected by the work-product doctrine; (c) information not called for by the discovery requests served on the responding party or non-party, and/or; (d) information the production of which has been objected to by the responding party or non-party.  If documents are provided in masked form by a party or non-party, that party or non-party shall also provide to the receiving party a log generally identifying the information masked and stating the purpose for the masking.  The receiving party may take issue with the masking of the identified information by filing an appropriate motion with the Court.  In connection with any such application for relief, the party that produced the masked document shall bear the initial burden of establishing that the masking is appropriate under applicable law.

9.      Attorney-Client Privilege and Work Product.  Nothing in this Protective Order shall require disclosure of materials a party or non-party contends are protected from disclosure by the attorney-client privilege or the work-product doctrine.  This paragraph shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials.

10.     Compliance with Third Party Judicial Process.  In the event that any party or any other individual described in Paragraph 6 above is served with a subpoena or other judicial process demanding the production or disclosure of any CONFIDENTIAL INFORMATION, such party or individual shall, unless otherwise prohibited by law, (a) provide all parties or non-parties with a copy of such subpoena or other judicial process within 10 business days following receipt thereof and (b) cooperate with the parties or

10

non-parties in any effort to protect any CONFIDENTIAL INFORMATION materials from production or disclosure.

11.   <u>No Admission Implied</u>.  The authorization contained herein for the parties to designate any documents, materials, testimony, or information produced in connection with these consolidated Actions as CONFIDENTIAL INFORMATION is intended solely to facilitate discovery and preparation for trial of these consolidated Actions, and such designation shall not be construed in any way as an admission or agreement by the other parties that such information constitutes or contains trade secrets or other confidential research, development, technical, financial, or commercial information under applicable law.

12.   <u>Error in Designation or Production</u>.  The production of documents, materials, testimony, or information containing, or other disclosure of, trade secrets or other confidential research, development, technical, financial, or commercial information without a designation as CONFIDENTIAL INFORMATION at the time of production or disclosure shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  The production of documents or other information containing privileged information or attorney work product shall not be deemed a waiver in whole or in part of any party's or non-party's claim of privilege or work product protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

13. <u>Right to Designate or Redesignate at Any Time</u>.  If information is produced in discovery that is subject to a claim of privilege, protection as trial-preparation material, or confidentiality, the party making the claim shall notify any party that received the information of the claim and the basis for it within 10 days of its discovery, and, within 10 days of receipt of such notice, the notified party or parties (regardless of any disagreement regarding the proper designation of the document) shall (i) in the case of a privileged document, return the inadvertently disclosed document forthwith, as well as any and all copies; or (ii) in the case of a confidential, proprietary document, mark it and all copies, CONFIDENTIAL INFORMATION as designated.  When information not initially designated as CONFIDENTIAL INFORMATION is so designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later-designated information and otherwise ensure that persons to whom the information has been disclosed will treat it as CONFIDENTIAL INFORMATION.  However, no sanctions shall be imposed upon a party for any disclosure of the later-designated information made prior to the party's receiving written notification of the later designation of the information as such.  In the event that the other party cannot comply with these requirements – because, for example, the inadvertently produced document has been given to a third party – the other party will provide the designating party or non-party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the document.

14. <u>Right to Challenge Designations</u>.  Any party may contest the designation of any information as privileged or as CONFIDENTIAL INFORMATION.  A failure to challenge a claim of privilege or confidentiality shall not constitute agreement that such

12

claim is valid and shall not prejudice any party or person.  If any party disagrees with

any designation of any information as privileged or as CONFIDENTIAL INFORMATION,

it shall notify counsel for the designating party or non-party, and they shall attempt to

resolve the dispute.  If the dispute is not resolved, the party contesting the designation

shall place the dispute before the Court, and the information shall continue to be kept as

privileged or as CONFIDENTIAL INFORMATION unless and until the Court rules

otherwise.  In connection with any such application for relief, the party asserting

privilege or confidentiality shall bear the initial burden of establishing that the asserted

designation is appropriate under applicable law.

15.    <u>Right to Seek Additional Relief</u>.  Nothing herein shall prevent a party or

non-party from petitioning the Court for additional relief for protection of confidential

materials, should such additional relief be deemed necessary in such party's or non-

party's sole discretion.

16.    <u>Other Judicial Proceeding</u>.  By entering this Protective Order and limiting

the disclosure of information in this case, this Court does not intend to preclude another

court from finding that information may be relevant and subject to disclosure in another

case.  Any person or party subject to this Order that may be subject to a motion to

disclose another party's or non-party's information designated as CONFIDENTIAL

INFORMATION pursuant to this Order, shall unless otherwise prohibited by law

promptly notify that party or non-party of the motion so that it may have an opportunity

to appear and be heard on whether that information should be disclosed.

17.    <u>Conclusion of Action</u>.  Within 60 days after the conclusion of these

consolidated Actions by settlement, judgment without appeal, or issuance of a mandate

by an appellate court, counsel of record for each party shall return to the applicable

producing party or non-party, or certify to them in writing that it has destroyed, all

CONFIDENTIAL INFORMATION received on behalf of such party or non-party during

the course of these consolidated Actions, including all copies of discovery and all

excerpts or summaries thereof or any other materials derived therefrom or referring

thereto, except that a single copy of all pleadings containing such information,

deposition transcripts and accompanying exhibits, and any documents properly

classified as work product may be retained.

      18.   Retention of Jurisdiction.  This Protective Order shall survive the final

termination of these consolidated Actions.  The Court shall retain jurisdiction to resolve

any dispute concerning the dissemination or use of information disclosed hereunder.

      19.   Sanctions.  Violations of this Protective Order shall be subject to the

contempt powers of the Court and such other sanctions as the Court may deem

appropriate.

      20.   Modification.  The terms of this Protective Order are subject to

modification, extension, or limitation if agreed to by all of the parties in writing, or if

ordered by the Court.  Nothing contained in this Protective Order shall prevent a party at

any time from seeking to modify or obtain relief from particular terms or conditions of

this Protective Order by application to the Court on notice to the other parties hereto for

good cause.

DATED at Denver, Colorado, this 30th day of April, 2007.

BY THE COURT:

_s/Craig B. Shaffer_____
Craig B. Shaffer
United States Magistrate Judge

Respectfully submitted this 27th day of April, 2007.

OSTER & MARTIN, LLC

___/s John D. Martin_____
John D. Martin
Amber F. Ju
370 17th Street, Ste. 4400
Denver, CO  80202
(303) 382-1200 – Telephone
(303) 382-1202 – Facsimile
jmartin@ostermartin.com

AND

Alan K. Steinbrecher
Law Offices of Alan K. Steinbrecher, P.C.
515 South Flower Street, 17th Floor
Los Angeles, CA  90071
(213) 891-1400 – Telephone
(213) 891-1470 – Facsimile

*Attorneys for the Plaintiffs James B. Beeton and JDB Medical, Inc.*

FAEGRE & BENSON LLP

___/s Daniel D. Williams_____
Neal S. Cohen
Daniel D. Williams
Laura A. Hutchings
1900 Fifteenth Street
Boulder, Colorado  80302
(303) 447-7700 - Telephone
(303)  447-7800 - Facsimile
dwilliams@faegre.com

Kerry L. Bundy
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
kbundy@faegre.com
(612) 766-7000 – Telephone
(612) 766-1600 – Facsimile

*Attorneys for Defendant ELA Medical, Inc.*

KREINDLER & KREINDLER LLP

_____/s Dan Nelson_____
Gretchen M. Nelson
Gabriel Barenfeld
Dan Nelson
707 Wilshire Boulevard, Suite 5070
Los Angeles, CA 90017
Telephone:  (213) 622-6469
Facsimile:  (213) 622-6019

*Attorneys for Plaintiffs Flint Medical, Inc. and Keith Flint*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-350-REB-CBS

JDB MEDICAL, INC., a California corporation; and
JAMES D. BEETON, an individual,

Plaintiffs,

v.

THE SORIN GROUP, S.p.A., an Italian entity of unknown form; and
ELA MEDICAL, INC., a Delaware corporation,

Defendants.

Civil Action No. 07-cv-00591-REB-CBS

FLINT MEDICAL, INC., a California corporation, and
KEITH FLINT, an individual,

Plaintiffs,

v.

ELA MEDICAL, INC., a Delaware corporation,
THE SORIN GROUP, S.p.A., an Italian entity of unknown form, and
DOES 1 THROUGH 10, inclusive,

Defendants.

**DECLARATION AND AGREEMENT
TO BE BOUND BY
PROTECTIVE ORDER**

I, _____, acknowledge and declare as

follows:

1

1.      My address is:

_____.

2.      I have received a copy of the Stipulated Protective Order in these consolidated Actions; I have carefully read and understand the provisions of the Stipulated Protective Order; and I agree to comply with, and to be bound by, its terms.

3.      I will hold in confidence, not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of these consolidated Actions, materials marked or designated as CONFIDENTIAL INFORMATION that are disclosed to me.

4.      I immediately will return all materials marked or designated as CONFIDENTIAL INFORMATION that may come into my possession, and documents or things which I may prepare relating thereto to counsel for the party producing such materials upon receipt of a request to do so at the conclusion of the Action.

5.      I hereby irrevocably consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any proceeding to enforce or secure compliance with the terms of this Stipulated Protective Order, or to punish the breach of any of the terms of this Stipulated Protective Order.  I understand that I may be found in contempt of court if I violate any term of the Stipulated Protective Order of this Agreement.

6.      I understand and agree that my obligations under this Agreement and the Stipulated Protective Order will survive and continue beyond the termination of the Action.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____
                                         Signature

                                         _____
                                         Printed Name