IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-00350-REB-CBS

JDB MEDICAL, INC., a California corporation, and
JAMES D. BEETON, an individual,

    Plaintiffs,

v.

THE SORIN GROUP, S.p.A. an Italian entity of unknown form, and
ELA MEDICAL, INC., a Delaware corporation,

    Defendants.

Civil Action No. 07-cv-00591-REB-CBS

FLINT MEDICAL, INC., a California corporation, and
KEITH FLINT, an individual,

    Plaintiffs,

v.

ELA MEDICAL, INC., a Delaware corporation,
THE SORIN GROUP, S.p.A. an Italian entity of unknown form, and
DOES 1 THROUGH 10, inclusive,

    Defendants.

## ORDER DENYING DEFENDANT ELA MEDICAL, INC.'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

**Blackburn, J.**

    This matter is before me on the following: 1) **Defendant ELA Medical, Inc.'s Motion for Partial Summary Judgement** [#79], filed August 6, 2007; and 2) the JDB plaintiffs' **Motion To Strike Portion of ELA Medical Inc.'s Reply Brief or, in the**

**Alternative, Motion for Leave To File Sur-Reply Upon Conclusion of Fact Discovery**
[#114], filed September 26, 2007. The Beeton plaintiffs, against whom the motion for summary judgment is directed, filed a response [#98] to the motion for summary judgment, ELA Medical filed a reply [#106], and the Beeton plaintiffs filed a sur-reply [#113]. ELA Medical filed a response [#121] to the motion to strike, and the Beeton plaintiffs filed a reply [#133]. I deny both motions.[1]

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

. ## II. SUMMARY JUDGMENT - STANDARD OF REVIEW & ANALYSIS

The purpose of a summary judgment motion is to assess whether trial is necessary. ***White v. York Int'l Corp.***, 45 F.3d 357, 360 (10th Cir. 1995). FED. R. CIV. P. 56 (c) provides that the court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see* ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986); ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir.1994). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the nonmoving party based on the showing made in the motion and response. ***Matsushita Electric Industrial Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986). Here, the

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. ***Geear v. Boulder Cmty. Hosp.***, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

parties present a set of stipulated facts, and ask the court to resolve an issue of law.

Plaintiffs JDB Medical, Inc., and James D. Beeton (the Beeton plaintiffs) have alleged a breach of contract claim against defendant ELA Medical, Inc. In its motion for summary judgment, ELA notes that the contract includes a damages limitation provision:

> In no event will either party be liable to the other for incidental, special or consequential damages, including but not limited to loss of anticipated revenues, profits or good will.

*Brief in support of motion for summary judgment* [#80], Exhibit 1 (Agreement), ¶ 9.03. ELA argues that "(p)laintiffs' demand for lost profits is prohibited by the plain and unambiguous terms of the Agreement." *Id.*, p. 5. Based on this provision of the agreement, ELA claims it is "entitled to partial summary judgment on Plaintiffs' claim to recover lost profits." *Id.* The Beeton plaintiffs note that, depending on the circumstances, lost profits may be either general damages, which also are known as direct or actual damages, or they may be consequential damages. Paragraph 9.02 of the Agreement provides that the parties may recover their "actual damages" if they prevail in litigation concerning the contract. *Id.*, Exhibit 1, ¶ 9.02.

I have reviewed carefully the parties' briefs related to the motion for summary judgment. I find that there are one or more genuine issues of material fact relating to the distinction between actual damages and consequential damages as that distinction relates the Beeton plaintiffs' claim for lost profits damages on their contract claim. Even if I assume *arguendo* that ELA may be entitled to judgment on some aspect of the damages claim addressed in the motion, it is not mandatory that I grant partial summary judgment on such claims. **See Powell v. Radkins**, 506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some

3

issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). The plaintiffs' claims for damages are interrelated and present concatenated issues of fact and law. The piecemeal resolution of the issues raised in the motion for summary judgment will not simplify significantly or extenuate the evidence at trial.

### III.  MOTION TO STRIKE

In their motion to strike [#114], the Beeton plaintiffs argue that a portion of JDB's reply in support of its motion for summary judgment should be stricken because that portion of the reply raises a new argument not asserted in the motion for summary judgment. Because I am denying the motion for summary judgment, I also deny the motion to strike as moot.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant ELA Medical, Inc.'s Motion for Partial Summary Judgement** [#79], filed August 6, 2007, is **DENIED**; and

2. That the JDB plaintiffs' **Motion To Strike Portion of ELA Medical Inc.'s Reply Brief or, in the Alternative, Motion for Leave To File Sur-Reply Upon Conclusion of Fact Discovery** [#114], filed September 26, 2007, is **DENIED** as moot.

Dated March 20, 2008, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**