# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 07-cv-00350-REB-CBS

JDB MEDICAL, INC., a California corporation, and
JAMES D. BEETON, an individual,

    Plaintiffs,

v.

THE SORIN GROUP, S.p.A. an Italian entity of unknown form, and
ELA MEDICAL, INC., a Delaware corporation,

    Defendants.

Civil Action No. 07-cv-00591-REB-CBS

FLINT MEDICAL, INC., a California corporation, and
KEITH FLINT, an individual,

    Plaintiffs,

v.

ELA MEDICAL, INC., a Delaware corporation,
THE SORIN GROUP, S.p.A. an Italian entity of unknown form, and
DOES 1 THROUGH 10, inclusive,

    Defendants.

## ORDER DENYING DEFENDANTS' RULE 702 MOTION

**Blackburn, J.**

    This matter is before me on the **Defendants' Rule 702 Motion To Exclude Plaintiffs' Experts** [#148], filed February 28, 2008. The plaintiffs filed responses [#156 & #157], and the defendants filed a reply [#173]. I deny the motion.

## I.  BACKGROUND

This case concerns primarily a contract between defendant ELA Medical, Inc. and plaintiff JDB Medical, Inc.  ELA. is a distributor and marketer of cardiac rhythm management devices, including pacemakers and internal defibrilators.  ELA engages independent sales representatives to sell its products in the United States.  In the fall of 2005, plaintiff James D. Beeton negotiated an agreement with ELA under which Beeton agreed to become an independent sales representative for ELA (JDB Agreement).  Under the JDB Agreement, JDB was to be the exclusive representative for ELA in a large area of southern California.  Beeton operates a corporation, JDB Medical, Inc., and JDB Medical, Inc. is the entity that contracted with ELA.  I will refer to Beeton and JDB Medical, Inc. collectively as JDB.

JDB was authorized under the agreement to engage sub-representatives to sell ELA products.  On January 17, 2006, JDB entered into a sub-representative agreement with Flint Medical, Inc. and its principal, Keith Flint (Flint Agreement).  I will refer to Flint Medical, Inc. and Keith Flint collectively as Flint.  The JDB Agreement includes various provisions concerning performance requirements, sales goals, and commission rates for sales generated by JDB.

ELA terminated the JDB Agreement about seven months after the agreement became effective, claiming that JDB was not meeting the minimum performance goals set in the agreement.   The Flint Agreement automatically was terminated when the JDB Agreement was terminated.  In this case, JDB and Flint assert various claims against ELA and its parent, Sorin, based on JDB and Flint's contention that ELA and Sorin wrongfully terminated the JDB Agreement.  The plaintiffs claim that they would have continued to earn commissions under the JDB Agreement if the defendants had not

wrongfully and prematurely terminated the JDB Agreement.

In their present motion, the defendants challenge the admissibility of the proposed testimony of three expert witnesses who have been designated by the plaintiffs. The plaintiffs seek to present the testimony of these witnesses in support of their claim for damages based on projected future earnings under the JDB Agreement. The defendants argue that the proposed testimony is not admissible under Fed. R. Evid. 702.

In an order entered concurrently with this order, I have granted the defendants' motion for partial summary judgment as to the plaintiffs' claims for damages during any time period beyond the initial five year term of the JDB Agreement, which term expired on November 23, 2010. In view of this ruling, any evidence presented by the plaintiffs concerning damages they claim they will suffer beyond November 23, 2010, is irrelevant under Fed. R. Evid. 401, and, thus, is inadmissible under Fed. R. Evid. 402. To the extent the defendants' current motion concerns proposed expert testimony in support of the plaintiffs' claims for damages beyond the initial five year term of the JDB Agreement, I deny the defendants' current motion as moot because I have granted summary judgment as to this aspect of the plaintiffs' damages claims.

## II.  FED. R. EVID. 702

Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The standards outlined in Rule 702 implicate, of course, the standards for admission of

3

opinion testimony stated in the so-called *Daubert* trilogy. ***Daubert v. Merrell Dow Pharm.***, 509 U.S. 579 (1993); ***Gen. Elec. Co. v. Joiner***, 522 U.S. 136 (1997); ***Kumho Tire Co., Ltd. v. Carmichael***, 526 U.S. 137 (1999). The court's application of the standards of Rule 702 and the related cases is "a flexible and commonsense undertaking in which the trial judge is granted broad latitude in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable." ***Smith v. Ingersoll-Rand Co.***, 214 F.3d. 1235, 1243 (10th Cir. 2000) (internal quotation and citations omitted).

Rule 702 requires that opinion testimony be the product of reliable principles and methods, and that an opinion witness has applied those principles and methods reliably to the facts of the case. The reliability analysis applies to all aspects of an expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. ***Heller v. Shaw Indus.***, 167 F.3d 146, 155 (3d Cir.1999). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. *See, e.g., **Kumho Tire***, 526 U.S. at 149-52; ***Heller***, 167 F.3d at 155. Generally, "rejection of expert testimony is the exception rather than the rule." ***U.S. v. Nacchio***, 519 F.3d 1140, 1154 (10th Cir. 2008) (quoting Fed. R. Evid. 702 , 2000 Advisory Comm.'s Notes).

### III. CARRIE LOOS

JDB seeks to present the expert testimony of Carrie Loos to show: 1) the size of the California cardiac implant market in 2004, and the projected growth of that market; 2) the size of the cardiac implant market in JDB's territory in 2004, and the projected growth in that market; 3) the average sales price per unit (ASP) for certain cardiac

4

implant devices in 2006, and projected ASPs in the future; and 4) the projected utilization rate for cardiac implant devices from 2011 to 2020. I note that the fourth opinion noted above concerns only the plaintiffs' claim for damages beyond the initial five year term of the JDB Agreement. Because I have granted the defendants' motion for summary judgment on this aspect of the plaintiffs' damages claims, I will not address the admissibility of Loos's fourth opinion under Fed. R. Evid. 702.

The defendants argue that Loos is not qualified to give the opinions she has given. Loos has worked in the medical manufacturing industry for 13 years. For 11 of those years, she worked for Medtronic, Inc., one of five manufacturers of cardiac rhythm management devices used in the United States. Her work has focused on the sales and pricing of the type of cardiac rhythm devices at issue in this case. Most of Loos's work has been focused on the market in southern California and neighboring areas. In the context of the opinions expressed by Loos and challenged by the defendants, I conclude that her background is sufficient to demonstrate that she has the "knowledge, skill, experience, training, or education" necessary to qualify her as an expert under Fed. R. Evid. 702. To the extent there may be gaps in Loos's relevant qualifications, those gaps go to the weight and credibility to be accorded her opinions, and not to the admissibility of those opinions.

The defendants challenge Loos's projection of average sales prices (ASPs) into the future, and her opinion concerning the projected rate at which cardiac rhythm devices will be used in the future, arguing that these opinions are not based on sufficient factual data. I disagree. As to both opinions, the defendants argue that Loos failed to consider relevant information that likely would undermine her estimates. Loos's projections of ASPs and projected use rates are based on relevant data. The fact that

5

Loos may not have considered certain facts that also may be considered to be relevant to her projections goes to the weight to be accorded her projections, but does not preclude the admission of her projections under Fed. R. Evid. 702.

## IV.  PETER SCHULMAN

Peter Schulman's proposed opinion testimony projects JDB's claimed lost profits damages from 2006 through 2020.  Again, I have granted the defendants' motion for partial summary judgment as to the plaintiffs' claims for damages during any time period beyond the initial five year term of the JDB Agreement, which term expired on November 23, 2010.  To the extent Schulman's opinion testimony addresses projected damages beyond that date, that testimony will be excluded as irrelevant. Fed. R. Evid. 401 and 402.

The defendants argue that Schulman's opinion testimony must be excluded because it is not based on sufficient facts and data.  I conclude that Schulman's proposed opinion testimony is based on facts and data sufficient to satisfy the basic requirements of Rule 702. Fed. R. Evid. 702(1). No doubt, Schulman's opinions are subject to challenge based on the sufficiency of the facts and data he used to form his opinions.  However, any such flaws go to the weight to be accorded his opinions, but they do not preclude the admission of his opinions under Fed. R. Evid. 702.

## V.  WILLIAM ACKERMAN

Plaintiffs Keith Flint and Flint Medical, Inc., have endorsed William Akerman as an expert witness.  Akerman, a CPA, presents two alternative damages models, labeled as a market study analysis and a sales target analysis.  The defendants argue that the factual basis for Akerman's opinions share the same flaws as the factual basis for Schulman's opinions.  I conclude that Akerman's proposed opinion testimony is based

6

on facts and data sufficient to satisfy the basic requirements of Rule 702. No doubt, Akerman's opinions are subject to challenge based on the sufficiency of the facts and data he used to form his opinions. However, any such flaws go to the weight to be accorded his opinions, but they do not preclude the admission of his opinions under Fed. R. Evid. 702.

## VI. ORDER

**THEREFORE, IT IS ORDERED** that the **Defendants' Rule 702 Motion To Exclude Plaintiffs' Experts** [#148], filed February 28, 2008, is **DENIED**.

Dated June 11, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**